See also 336 B.R. 1.

### In re Nancy E. PATCHELL, Debtor.

### No. 02–45551–JBR.

United States Bankruptcy Court,
D. Massachusetts.

June 1, 2006.

Carl D. Aframe, Aframe, Barnhill & Von Timroth, PA, Craig T. Ornell, Worcester, MA, for Debtor.

MEMORANDUM OF DECISION ON (1) DEBTOR'S OBJECTION TO AMENDED PROOF OF CLAIM OF OPTION ONE MORTGAGE COMPANY DATED FEBRUARY 7, 2006 [# 223]; (2) DEBTOR'S MOTION FOR RECONSIDERATION OF PROOF OF CLAIM OF OPTION ONE MORTGAGE CORPORATION AND WELLS FARGO BANK [# 234]; (3) DEBTOR'S MOTION TO DISALLOW AMENDED PROOF OF CLAIM OF OPTION ONE MORTGAGE CORPORATION AND WELLS FARGO BANK [# 236]; (4) DEBTOR'S SECOND OBJECTION TO CLAIM OF OPTION ONE MORTGAGE CORPORATION ACTING AS SERVICING AGENT FOR WELLS FARGO BANK AND DEMAND FOR RELIEF [# 237]; (5) DEBTOR'S EXPEDITED MOTION FOR APPOINTMENT OF AUDITOR TO EXAMINE AND REPORT TO THE COURT ON DEBTOR'S MORTGAGE AND POSTPETITION PAYMENTS [# 253]; (6) DEBTOR'S EXPEDITED MOTION OF COUNTERCLAIM FOR DAMAGES AGAINST OPTION ONE MORTGAGE CORPORATION AND WELLS FARGO BANK FOR ABRUPT CANCELLATION OF HOMEOWNERS INSURANCE AND MISDIRECTION OF DOCUMENTS [# 254]; AND (7) APPLICATION FOR COMPENSATION OF OPTION ONE MORTGAGE CORPORATION, FILED AS SUPPLEMENT TO OPTION ONE'S OBJECTION TO DEBTOR'S OBJECTION TO AMENDED PROOF OF CLAIM OF OPTION ONE MORTGAGE CORPORATION DATED FEBRUARY 7, 2006 [# 233]

JOEL B. ROSENTHAL, Bankruptcy

Judge.

This case came before the Court for hearing on several matters arising from the Debtor's ongoing dispute with Option One Mortgage Corporation and Wells Fargo Bank with respect to her mortgage, and in particular with respect the fees and expenses incurred by Option One and Wells Fargo as a result of the adversary proceeding commenced against them by the Debtor. In addition to the six pleadings filed by the Debtor, Option One has filed an Application for Compensation which the Debtor opposes.

### Background

■ This Debtor filed her Chapter 13 petition on September 11, 2002. To date a plan has not been confirmed. But this should not be understood to suggest that this case has been inactive, especially during the last two years when the Debtor has been acting *pro se*. In the last two years she wrangled with one of her former attorneys over services and fees but most of her efforts have been directed toward her ongoing disputes with Option One Mortgage Corporation, the original mortgagee of the Debtor's residence and current servicing agent for the mortgagee, and Wells Fargo Bank, the assignee currently holding the mortgage in its capacity as Trustee for registered Holders of Option One Mortgage Loan Trust 2001–D, Asset-backed Certificates, Series 2001–D.[1] During this period the Debtor commenced an adversary proceeding (AP No. 04–4460) for various lending violations against Option One and Wells Fargo. That litigation was

fraught with discovery disputes and numerous attempts by the Debtor to amend and supplement the complaint, and to obtain sanctions, including judgment against the Defendants.[2] The adversary proceeding ended in judgments for the Defendants prior to trial and those judgments are now on appeal.[3] In this same time frame she has filed several pleadings involving her efforts to have Option One and Wells Fargo's claim stricken and to have them both held in contempt and burdened with monetary sanctions. These pleadings were often duplicative, difficult to decipher, and at times rambling and even nonsensical. Often when pressed for the specific facts that would support one of her motions or oppositions to the creditors' motion, the Debtor frequently responded, as she did at the hearing on the instant motions, that she cannot provide specific information without obtaining further records from the creditors. The Debtor's pleadings often contain a statement that she "insists" upon an evidentiary hearing although it is unclear what she would offer as evidence and when asked by the Court what an evidentiary hearing would accomplish, her answer reflects a fundamental misunderstanding that she could litigate and re-litigate all of her allegations and speculations of the creditors' alleged wrongdoings. When the Court has repeatedly pointed out the inherent difficulties and dangers of representing herself and indeed, urged her on numerous occasions to obtain counsel, the Debtor's response was to label the Court's

---

1. The Assignment of the Mortgage is attached as an exhibit to the Debtor's complaint in Adversary Proceeding 04–4460.

2. The Debtor also pursued relief outside of the Bankruptcy Court and reported Option One's alleged violations of the Real Estate Settlement Procedures Act (RESPA) to the United States Department of Housing and Urban Development. In June 2004 HUD's

RESPA Office informed the Debtor that its investigation did not reveal a violation (see docket # 114).

3. The Bankruptcy Appellate Panel dismissed the appeal and the Debtor took a further appeal now pending in the United States Court of Appeals for the First Circuit.

comments as "hurtful." [4] She continues undaunted in serially raising essentially the same arguments in each of her pleadings, resulting in a waste of judicial resources, and as discussed below, only adding to the cost she herself must bear. "While courts have historically loosened the reins for pro se parties, ... the right of self-representation is not a license not to comply with relevant rules of procedural and substantive law.... The Constitution does not require judges-or agencies, for that matter—to take up the slack when a party elects to represent himself.... [T]here is a long line of authority rejecting the notion that pro se litigants in either civil or regulatory cases are entitled to extra procedural swaddling." *Eagle Eye Fishing Corp. v. U.S. Dept. of Commerce,* 20 F.3d 503, 506 (1st Cir.1994)(internal quotation marks and citations omitted).

The Debtor has renewed many of her previous arguments in the current cadre of pleadings without regard to their relevance to a specific matter and often without the specifics necessary to sustain her burden. These arguments are dealt with below.

**1. Debtor's Objection to Amended Proof of Claim of Option One Mortgage Corporation dated February 7, 2006 [# 223]**

■ The proof of claim dated February 7, 2006 (the "2006 Proof of Claim") is based on a promissory note of "9/27/2001" that is secured by a mortgage on the Debtor's residence. As of the date of the 2006 Proof of Claim, Option One alleges that the debt owed was $278,130.66. The itemization to the 2006 Proof of Claim indicates that this figures includes attorneys' fees of $58,323.93 incurred in connection with the adversary proceeding and payment late charges of $388.16. "A proof of claim executed and filed in accordance with [the Federal Rules of Bankruptcy Procedure] shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr.P. 3001(f). On its face, the 2006 is valid. "The party objecting to the claim has the burden of going forward with equivalent probative evidence to rebut the presumption of validity and amount." *In re Fleming,* 258 B.R. 488, 489 (Bankr. M.D.Fla.2000).

The Debtor's Objection sets forth 8 grounds for objecting to the 2006 Proof of Claim. All are without merit; some are frivolous. Option One has filed an "Objection" [# 232] to the Debtor's objection and has appended its fee application [separately docketed at # 233] to its objection. The fee application is addressed later in this decision.

■ First the Debtor argues that because Option One's requested attorneys'

---

4. In ruling on the motion for judgment in the Adversary Proceeding, the Court stated

In the past the Court has urged the Plaintiff to engage counsel to represent her in this matter and on occasion has frankly told the Plaintiff that much of what she files is incomprehensible. Her response is to state her disagreement and tell the Court that such comments are "hurtful." "Hurtful" though they may be, they are not wrong. Indeed in many instances when the Court has asked the Plaintiff to explain what she is requesting in various pleadings, she has been unable to do so. In fact at one point the Plaintiff's husband, who is not an attorney, asked to intervene in this Adversary Proceeding so that he could assist the Plaintiff. His request was denied as it was nothing more than attempt to have the Court approve his unauthorized practice of law. Once again, and for the final time, the Court urges the Plaintiff to assess realistically her ability to make and respond to dispositive motions and carry her burden of proof for any surviving counts at trial as the burden she must bear after this motion becomes increasingly heavier.

*In re Patchell,* 336 B.R. 1, 7–8 (Bankr.D.Mass. 2005).

fees in various pleadings filed in the adversary proceeding but the Court never issued an order awarding such fees, it is not entitled to attorneys' fees now. Thus, she reasons, the entire 2006 Proof of Claim should be disallowed. By the Court's count, Option One and Wells Fargo expressly sought attorneys' fees no less than 9 times in the adversary proceeding.[5] Many of these requests were limited to asking that they be reimbursed for the costs incurred in opposing specific pleadings filed by the Debtor. The Court did not act on Option One's requests in the adversary proceeding; it neither expressly allowed or denied them. That the Court did not expressly allow them at various points in the adversary proceeding does not bar Option One from seeking and obtaining fees if it is otherwise entitled to them. The Bankruptcy Code permits an oversecured creditor to recover reasonable costs, fees and charges if the governing agreement or State law permits. 11.U.S.C. § 506(b).[6] The Debtor does not dispute that the mortgagee is oversecured. The creditors argue that paragraph 7(D) of the note and paragraphs 28 of the mortgage,[7] permit the mortgagee and its agents to recover attorneys' fees and expenses expended in connection with the enforcement of the note.[8] Paragraph 7(D) of the Note states:

> If a Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing the Note to the extent not prohibited by applicable law, whether or not a lawsuit is filed. These expenses, include for example, reasonable attorneys' fees.

Although Option One has not articulated in its current pleadings that it required payment in full upon default by this Debtor, the Court takes judicial notice that the Debtor had defaulted and the property was scheduled for foreclosure on September 19, 2002 which precipitated the filing of the Debtor's bankruptcy. Therefore paragraph 7(D) of the Note provides a basis for awarding its attorneys' fees pro-

---

5. Korde & Associates, P.C. represented Option One and Wells Fargo in the adversary proceeding. The Defendants jointly defended the action as virtually all of the Debtor's allegations covered both Defendants.

6. Section 506(b) provides:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.

7. The Court observes that copy of the mortgage which Option One attached to several filings, including the amended proof of claim and Option One's previously allowed Motion to Amend Proof of Claim [# 222], is incomplete and omits page 3. The Debtor, however, previously provided the Court with a complete copy of the mortgage as an attachment to her original complaint in the adversary proceeding. In the interest of doing justice, the Court will use the copy provided by the Debtor.

8. Although the note and mortgage do not contain express language requiring the payment of the agent's attorneys' fees, the Court is satisfied that in these circumstances, Option One is entitled to reimbursement. The law firm has represented that Option One paid the firm. The Defendants undertook a joint defense. They are not each seeking reimbursement of legal fees. *Cf. Resolution Trust Corp. v. Feldman*, 3 F.3d 5 (1st Cir.1993), *cert. denied*, 510 U.S. 1163, 114 S.Ct. 1187, 127 L.Ed.2d 537 (1994)(RTC had to defend failed bank's subsidiary as part of borrower's attempts to void note). To have counsel redo the fee application to have Wells Fargo payment of its fees would only add to the cost of this case.

*vided* the defense of the adversary proceeding is an enforcement of the note. In a unpublished decision the Massachusetts Appeals Court upheld a bankruptcy court's award of attorneys' fees incurred by a lender in successfully defending against its borrower's counterclaim. *Citizens Bank of Massachusetts v. Bishay,* 56 Mass.App. Ct. 1104, 776 N.E.2d 1040 (Table), 2002 WL 31375621 (2002), *review denied,* 438 Mass. 1104, 782 N.E.2d 515 (2003) (Table), *cert. denied,* 539 U.S. 915, 123 S.Ct. 2280, 156 L.Ed.2d 131 (2003). Although the note had been paid prior to the borrower's pressing his counterclaim, the borrower's allegations that the bank improperly collected on the note put the validity of the collection at issue and thus fees incurred by the bank "were an integral part of the collection process." 2002 WL 31375621 at *3. Similarly the Debtor's actions in the adversary proceeding put the validity of the note and mortgage at issue, thus challenging the Defendants' ability to enforce the note.

Moreover paragraph 28 of the mortgage provides:

> Reimbursement. To the extent permitted by applicable law, Borrower will reimburse Trustee and Lender for any and all costs, fees and expenses which either may incur, expend, or sustain in the execution of the trust created hereunder or in the performance of any act required or permitted hereunder or by law or in equity or *otherwise arising out of or in connection with this Security Instrument, the Note, any other note secured by this security Instrument or any other instrument executed by the Borrower in connection with the Note or Security Instrument.* To the extent permitted by applicable law, Borrower shall pay to Trustee and Lender their fees in connection with Trustee and Lender including, but not limited to assumption application fees; fees for pay-off demands and, [sic] statements of loan balances; fees for making, transmitting and transporting copies of loan documents, verifications, full or partial lien releases and other documents requested by borrower or necessary for performance of Lender's rights or duties under this Security Instrument; fees arising from a returned or dishonored check; fees to determine whether the Property is occupied, protected, maintained or insured or related purposes; appraisal fees, inspection fees, legal fees, broker fees, insurance mid-term substitutions, repair expenses, foreclosure fees and costs arising from foreclosure of the Property and protection of the security for this Security Instrument; and all other fees and costs of a similar nature not otherwise prohibited by law. (Emphasis added).

The Court is aware that permitting a lender to recover its fees expended in defeating a borrower's action that includes consumer protection counts may have the potential to chill the bringing of such suits. Moreover there are other alternatives available when a borrower brings what is an ill founded and indeed vexatious action. *See, e.g.,* 28 U.S.C. § 1927. Nevertheless the language of the mortgage reflects that in this case the right to recover fees is very broad and includes the fees incurred in successfully defending against the Debtor's lawsuit. *In re Courtland Estates Corp.,* 144 B.R. 5, 11 (Bankr. D.Mass.1992)(award of attorneys' fees included fees incurred in defending state court action alleging breach of obligations under loan documents). Therefore Option One is entitled to recover reasonable attorneys' fees.

Second the Debtor argues that Option One and Wells Fargo's refusal to participate in non-binding mediation somehow invalidates their right to collect attorneys'

fees and expenses and even the entire claim. It does not. They were not under any obligation to participate in the mediation process and frankly, having observed first hand the Debtor's zeal to have her mortgage invalidated and receive substantial damages, the Court credits Option One's argument that mediation efforts in this case would have be fruitless and only have added to their costs.

Third the Debtor argues that Option One is listed on the 2006 Proof of Claim and because Wells Fargo holds the mortgage by assignment, the claim is inaccurate and must be denied. Although it is true that in the box on the 2006 Proof of Claim form, Option One is listed as the creditor, the attachment to the claim states as follows:

> Name of Creditor: Option One Mortgage Corporation, Servicing Contractor for Wells Fargo Bank Minnesota, N.A. as Trustee for registered Holders of Option One Mortgage Loan Trust 2001–D, Asset–Backed Certificates, Series 2001–D, without recourse.

There is nothing misleading or inaccurate about the creditor's identity or Option One's relationship to Wells Fargo.

■ Fourth the Debtor argues that the 2006 Proof of Claim should be disallowed because Option One checked only the box labeled "Money loaned" as the basis for the claim. Yet in the attachment, it provided an itemization of the amount it claimed was owed as of the date of the 2006 Proof of Claim. Part of the total amount is approximately $58,000 attributed to attorneys' fees. Technically the Debtor is correct that Option One never loaned her this $58,000 but this technicality does not render the claim invalid any more than including accrued interest would. Moreover what the Debtor ignores is that in two places on the face of the amended proof of claim form is a notation that the amount owed includes postpetition legal fees incurred in connection with the defense of the adversary proceeding.

■ The Debtor's fifth argument is that Option One does not credit her account the day the checks are received. Therefore she argues that one of the affiants in the adversary proceeding who testified otherwise must have been lying and that Option One must have wrongly charged the Debtor for late fees. That the creditors did not present a check for payment on the day they received it was raised by the Debtor in the adversary proceeding in Count Sixteen. According to the Debtor these discrepancies showed a violation of an inapplicable state regulation and thus the count was dismissed on summary judgment. In her objection she is alleging that the creditors charged her $388.16 in late fees that should not have been charged. In other of her motions addressed later in this decision, the Debtor also argues that she has additional checks which she did not previously present to the Court that support her position. While Fed. R. Bank. P. 3001 permits the court to reconsider a claim at any time, and assuming that the failure to disallow the creditors' claims in the adversary proceeding is an allowance contemplated by Rule 3001, the rule should not be read as permission to revisit a claim in perpetuity. There must be some finality especially when a debtor has been given an opportunity to present objections to a lender's claim, as this Debtor had in the adversary proceeding. *Apparel Art Int'l, Inc. v. Amertex Enter. Ltd.*, 48 F.3d 576, 583 (1st Cir.1995)(res judicata relieves parties of cost and vexation of multiple lawsuits, conserves judicial resources, prevents inconsistent decisions, encourages reliance on adjudication, discourages claims splitting and provides "a strong incentive" for all factually related allegations and theories to be brought in one suit).

■ Sixth the Debtor argues that the mortgage is not in 12 point type and thus was filed in violation of MLBR 9004–1, a rule the Debtor misinterprets as it applies to *original* documents. This reference to original documents means those pleadings or documents generated for filing with the Court. It does not require the retyping of already-created documents which may be scanned and filed as attachments to pleadings. Moreover, even if the Debtor were correct in her interpretation of the local rule, the Court notes that she has violated it on numerous occasions by filing voluminous attachments that are not in 12 point type, including ironically, the same mortgage she now argues is a basis for disallowing the claim.

Next the Debtor argues that the claim is time barred. It is not. The Court allowed Option One's Motion to Amend the Proof of Claim [# 222] to include updated post-petition costs and expenses without objection by endorsement order dated February 22, 2006.

■ Finally the Debtor argues that no certificate of service was served upon her when the proof of claim was sent to her. Option One disputes this contention. The Debtor does not dispute that she received the proof of claim and therefore the Court will not disallow the claim on the basis that the Debtor alleges she did not receive a copy of the certificate of service.

For the foregoing reasons the Debtor's Objection is OVERRULED. Her request for sanctions and unspecified damages contained in the Objection is DENIED.

## 2. DEBTOR'S MOTION FOR RECONSIDERATION OF PROOF OF CLAIM OF OPTION ONE MORTGAGE CORPORATION AND WELLS FARGO BANK [# 234]

The Debtor seeks reconsideration of the proof of claim which the Court believes is the 2006 Proof of Claim. The Court has not ruled on either of Option One's earlier proofs of claim and has only just now addressed the 2006 Proof of Claim above. Therefore there is nothing for the Court to reconsider except the above decision (on Objection docketed as # 223) which the Court will not do.

In substance the motion for reconsideration is a vehicle for old arguments made in a new pleading. The motion rehashes the argument that Option One and Wells Fargo do not credit the mortgage payments the day they are received. In particular the motion states that the Debtor has numerous documents, not previously provided to the Court, that call into question whether the payments are applied when received and this has had negative tax consequences for the Debtor. Assuming for the sake of argument that the Debtor's statements are true, it is too late to make this argument. The time to raise these issues was in response to the motion for judgment on the pleadings and summary judgment. Those judgments are on appeal.

Therefore to the extent the motion for reconsideration seeks reconsideration of the overruling of the Debtor's Objection [# 223], it is DENIED. To the extent the Debtor is seeking reconsideration of the judgments in the adversary proceeding, the Court is without jurisdiction to entertain the motion as that matter is pending in the Court of Appeals.

## 3. DEBTOR'S MOTION TO DISALLOW AMENDED PROOF OF CLAIM OF OPTION ONE MORTGAGE CORPORATION AND WELLS FARGO BANK [# 236]

The Debtor does not specify which of the proofs of claim is the subject of this motion but the Court again believes she is referring to the 2006 Proof of Claim. If so, this motion is yet another objection

that raises the same arguments addressed above and incorporates some new ones in an attempt to obtain a recovery in the adversary proceeding. The Debtor again argues that Option One and Wells Fargo were not awarded attorneys' fees in the adversary proceeding, that the mortgage contract is not in 12 point type, that no copy of the certificate of service was included in the envelope that contained the proof of claim, and that Option One does not process her payments on the date they are received. To these arguments she adds that the creditors failed to file a statement in compliance with "Rule 7.1(b)(1)," an intended reference to LR, D.Mass. 7.3(B). This is a *district* court rule. Rule 9029-3 of the Massachusetts Local Bankruptcy rules make certain local district rules applicable to bankruptcy court proceedings. LR, D.Mass. 7.3(B) is not among the rules applicable to bankruptcy court proceedings. The Debtor also alleges that printing a mortgage contract in less than 12 point type is a violation of the Truth in Lending Act ("TILA"). The adversary proceeding dealt with alleged TILA violations. This new argument is another attempt to resurrect the dismissed complaint. It is curious at the least and more likely fatal that the Debtor failed to raise all of the alleged TILA violations before the case was dismissed but as noted above, the judgments in the adversary proceeding are on appeal leaving this Court without jurisdiction over that proceeding.

The Debtor also complains that Option One did not file its fee application until March 16, 2006 (and she received it on March 17, 2006) even though the motion to amend the proof of claim to include these fees was allowed on February 22, 2006. In the Debtor's view, this lag time was an attempt by Option One to deprive her of the time she needed to study the fee application. This argument is silly at best. In response to the filing of Option One's filing the fee application, the *Court* issued a Notice of Hearing dated March 22, 2006 [# 238] and set Option One's fee application for hearing on April 24, 2006 with an objection deadline of April 16, 2006–a full month after the Debtor acknowledges she received the fee application.

What the Debtor sees as a tactic to deny her time to study the fee application arises as a result of her own misunderstanding of the various pleadings filed and notices issued. A brief review of the chronology and substance of those pleadings illustrates the Debtor's confusion.

On February 7, 2006 Option One filed its motion to amend the proof of claim [# 222] in which it requested the right to amend its January 27, 2003 proof of claim to add approximately $58,000 of attorneys' fees incurred in connection with the adversary proceeding. The certificate of service, which appears as a separate page numbered as page "8" and appearing at the end of the seven page motion, reflects that a copy of the motion to amend was mailed to the Debtor on February 7, 2006. On February 15, 2006 the Debtor filed a pleading captioned "Objection to Amended Proof of Claim of Option One Mortgage Corporation dated February 07, 2006 [# 223] (the objection dealt with earlier in this decision)". When the Debtor filed this objection, the Court issued a Notice of Hearing [# 224] which scheduled a hearing on the *objection* [# 223] for April 24, 2006 and set an deadline of March 20, 2006 as the date by which *Option One* had to respond to the Debtor's objection. On March 16, 2006 Option One responded to the objection [# 232] and included in its response its fee application [# 233]. The Court then issued a Notice of Hearing [# 238] scheduling Option One's fee application for hearing and setting April 18, 2006 as the deadline for filing responses

and objections to the fee application. That the Debtor misinterpreted the response date set by the Notice # 224 as the date by which she had to respond to the fee application despite the fact that Notice # 238 gave her until April 18, 2006 is not evidence of any plot to deprive her of time to study the fee application. It is further evidence of why the Court repeatedly urged her to obtain counsel. As a result of the Debtor's misunderstanding on March 20, 2006 she filed a series of redundant motions, including the Motion to Disallow Amended Proof of claim [# 236] on essentially the same grounds as raised in her earlier objection [# 223].

For whatever reason that is not clear to the Court, the Debtor argues in this motion to disallow that her objection [# 223] objected to Option One *right to amend* its claim, her actual pleading reflects that it is an objection to the substance of the amended proof of claim. Not only does she set forth the 8 grounds discussed previously in this decision, she quotes local rule 3007–1(b) which, as she accurately notes, deals with the filing of objections to proofs of claim and the obligation of the Clerk's Office to assign a response deadline and date for hearing the objection to the claim. On February 22, 2006, the Court entered the endorsement order [# 226] allowing the motion to amend the claim because no objections to the motion were filed. On February 24, 2006 the Debtor filed a "Motion for Correction of Record Pursuant to Order of February 22, 2006 Allowing Option One to Amend Proof of Claim without Objection From Debtor" [# 227] in which she argues both that she never received a copy of the motion to amend and that she never received the first page of the motion-both curious indeed since she promptly objected to the substance of the claim. The Court denied the Motion for Correction with the following endorsement order [# 228]:

DENIED. THE ORDER ALLOWING OPTION ONE'S AMENDMENT TO ITS PROOF OF CLAIM IS NOT TO BE INTERPRETED AS AN ORDER OVERRULING THE DEBTOR'S OBJECTION. AS THE COURT NOTED IN THE PREVIOUS ORDER, THE DEBTOR HAS OBJECTED TO THE AMENDED PROOF OF CLAIM (NOT OPTION ONE'S RIGHT TO AMEND IT) AND THE HEARING ON THE DEBTOR'S OBJECTION TO THE AMENDED PROOF OF CLAIM WILL GO FORWARD AS SCHEDULED.

Even if the objection [# 223] could be read as an objection to permitting Option One to file an amended claim, there is nothing in the objection or this motion to disallow that requires the Court to change its previous orders. The Motion to Disallow lacks merit and will be DENIED.

### 4. DEBTOR'S SECOND OBJECTION TO CLAIM OF OPTION ONE MORTGAGE CORPORATION ACTING AS SERVICING AGENT FOR WELLS FARGO BANK AND DEMAND FOR RELIEF [# 237]

This objection, also filed on March 20, 2006, again argues that Option One does not credit payments on the day they are received, that Option One and Wells Fargo failed to comply with an inapplicable district court rule 7.3(B), that the mortgage is not in 12 point type, that there was no certificate of service mailed with the amended proof of claim, and that Option One and Wells Fargo submitted the fee application in March rather than in February 2006. To these argument she now adds, without any factual or legal support, that Option One underinsured the property by insuring it only for the value of the mortgage and not replacement value. She wants to receive double the attorneys' fees

requested by the lenders. There is little that needs to be said about this objection except that it is devoid of any merit.

## 5. DEBTOR'S EXPEDITED MOTION FOR APPOINTMENT OF AUDITOR TO EXAMINE AND REPORT TO THE COURT ON DEBTOR'S MORTGAGE AND POSTPETITION PAYMENTS [# 253]

■ This Motion requests that the Court appoint a certified public accountant to examine the books and records of Option One and Wells Fargo to prove what the Debtor failed to demonstrate in response to the dispositive motions filed in the adversary proceeding. It is not the Court's role to employ professionals to conduct whatever forensic accounting the Debtor needed in connection with the lawsuit she commenced. Yet the filing of this motion explains much of the difficulties the Court confronted in the adversary proceeding: the Debtor lacked the expertise to represent herself. She was unable to understand the accountings provided to her by the creditors and did not depose any of their employees who could have explained them or alternatively, perhaps supported her position that the accounting was faulty. Rather the Debtor's position has been and continues to be that if she does not understand the accounting, it must be wrong and the creditors must have deliberately misapplied funds. She attempted to build a case based on speculation rather than evidence and now seeks

to rectify this problem via the appointment of an independent accountant.[9] There is no basis for the motion and it is DENIED.

## 6. DEBTOR'S EXPEDITED MOTION OF COUNTERCLAIM FOR DAMAGES AGAINST OPTION ONE MORTGAGE CORPORATION AND WELLS FARGO BANK FOR ABRUPT CANCELLATION OF HOMEOWNERS INSURANCE AND MISDIRECTION OF DOCUMENTS [# 254]

■ The Debtor alleges that Option One abruptly canceled her homeowner's insurance on March 30, 2006 and gave her less than 24 hours notice of the cancellation. She did not file her expedited motion [# 254] until April 18, 2006. Attached to the expedited motion is a notice captioned "Lender Placed Fire Insurance Flat Cancellation Notice." Option One did not file a response prior to the hearing. At the hearing Option One's attorney said that he had no knowledge of the cancellation.

Fed. R. Bankr.P. 3007 provides that "[i]f an objection to a proof of claim to is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding." Although the expedited motion does not cite to Rule 3007, the Debtor clearly attempted to invoke it when she stated "I seek an evidentiary hearing to resolve this matter and enjoin [sic] it with the issue of Option One's counsel seeking legal fees." Expedited Motion at ¶ 16.[10]

9. The unfortunate consequence of the Debtor acting as her own attorney was that she lacked the ability to know what she needed to prove and how to prove it. This problem is not unique to this particular *pro se* Debtor. *In re Cahalan*, 2000 WL 33950751, *2 (Bankr. C.D.Ill.) ("Unfortunately, the PLAINTIFFS, acting pro se, had no concept of how to proceed and what they had to prove. They presented no proof upon which this Court could rely to find fraud or deceptive actions. They presented very little in the way of evi-

dence, as they had great difficulty getting anything into evidence....Ultimately, a pro se creditor must be held to the same standards of proof as those who are represented by counsel.")

10. The expedited motion sets forth two separate factual incidents, the cancellation of insurance and the misdirection of pleadings. Paragraph 16 is placed in the part of the pleading dealing with the misdirection of pleadings and thus the Court could choose to

Although the Court has overruled her objection to the 2006 Proof of Claim, and the Debtor did not raise the cancellation of the insurance until after the objection was filed, the Court is mindful that it is dealing with a *pro se* litigant. Therefore, the Court deems that the expedited motion sets forth a claim for damages incurred in connection with the cancellation of the insurance that should be treated as an adversary procedure. But the Debtor has one fundamental hurdle which she cannot overcome, namely that she acknowledged at the hearing on the expedited motion that she did not suffer any loss as a result of the cancellation of insurance. Thus, based on the present record before the Court, the expedited motion must be DENIED.

The second half of the expedited motion addresses the "misdirection of pleadings" and is illustrative of the difficulties presented in this case. In April 2005 an attorney representing a credit union in another matter inadvertently filed a notice of appearance and request for pleadings in the Debtor's bankruptcy case. He captioned the pleading with the correct name of the debtors but used the docket number for this Debtor's chapter 13 case. The appearance remained a matter of record for one year until the Debtor noted the error in one of her pleadings. During the one year period, the attorney remained on the service list for the Debtor's case and received various pleadings and orders. The Debtor argued that this is evidence that Option One and Wells Fargo's attorneys tampered with her docket. It is nothing more than evidence of an incorrectly docketed pleading. In the Debtor's mind the "mistake" of serving an attorney who filed an incorrect notice of appearance

must call into question the accuracy of everything Option One's counsel has done. It does not. It appears to be a simple error that began with a third party's filing of a document hearing the wrong docket number and has now been corrected. To the extent that the Debtor believes that this docket entry entitles her to an evidentiary hearing at which she can revisit her entire relationship with Option One and Wells Fargo, she is mistaken.

## 7. APPLICATION FOR COMPENSATION OF OPTION ONE MORTGAGE CORPORATION, FILED AS SUPPLEMENT TO OPTION ONE'S OBJECTION TO DEBTOR'S OBJECTION TO AMENDED PROOF OF CLAIM OF OPTION ONE MORTGAGE CORPORATION DATED FEBRUARY 7, 2006 [# 233]

Option One seeks reimbursement in the amount of $58,323.93, the amount it paid to its attorneys for defending Option One and Wells Fargo in the adversary proceeding. The Debtor did not file any further objection to the fee application beyond those addressed above. At the oral argument, however, she questioned generally both the arithmetic and the reasonableness of the application. When asked by the Court to identify the arithmetic problems in the application, she was unable to do so. Similarly when asked for examples of what she believed were unreasonable fees for whatever reason, she again could not do so and repeated only that until she received more documents from the creditors, she could not do so.

▮▮▮ The Court has undertaken an independent review of the fee application as is its responsibility and finds that the ap-

---

read the expedited motion narrowly to mean that the debtor seeks to join the issue of misdirected pleadings with her objection to the claim for attorneys' fees. Because the

Debtor is *pro se,* the Court will take a broader approach and assume that she intended to join the entire substance of the expedited motion with her claims objection.

plication does not suffer from arithmetic deficiencies nor are the fees unreasonable. First the hourly rate for all attorneys involved was set by agreement between the law firm and Option One at $175 per hour. This amount is reasonable. In addition the law firm has shown some evidence of monitoring its own costs and took a voluntary reduction of approximately $4,300. Much of the reason that the fees exceed $50,000 lies with the Debtor. She filed a multiple count adversary proceeding which she amended and attempted to supplement; she filed several motions all seeking the same relief; she complained that she had not received documents she stated existed despite the creditors' assertions that she had the documents but apparently did not recognize them for what they were. As a result the Court ordered that documents be produced to her again and that the creditors file certifications of production. All of this added to the cost of the litigation.

The Court appreciates that the Debtor is not an attorney. It recognizes that she believes and perhaps will always believe that the creditors violated several lending laws and have not properly credited her account, But the approach she took was to speculate about the creditors' actions based on little or no evidence and expect them to disprove each of her ever-changing allegations. Her approach was costly to the creditors and now, unfortunately, to her. Because the fees are reasonable and recoverable under the Debtor's contractual agreements with the lender, the application is ALLOWED.

Separate orders in conformity with this Memorandum shall issue.